Citation Nr: 1508841 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-27 087 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a psychiatric disorder.


REPRESENTATION

Appellant represented by: Robert Chisholm, Attorney at Law


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

C. L. Krasinski, Counsel


INTRODUCTION

The Veteran had active service from June 1972 to April 1974.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. 

In April 2011, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge; a transcript of that hearing is of record. In May 2011, the Board determined that new and material evidence had been received and reopened the claim for service connection for a psychiatric disorder and remanded the claim for additional development. 

In a January 2014 decision, the Board denied entitlement to service connection for a psychiatric disorder. The Veteran appealed the Board decision to the United States Court of Appeals for Veterans Claims (Court). In August 2014, the Court issued an Order granting a Joint Motion for Remand (JMR) by the parties, vacating the portion of the Board decision that denied entitlement to service connection for a psychiatric disorder on the bases that the Veteran was not afforded an adequate medical examination and that the Board rendered its decision based upon the findings of an inadequate examination and medical opinion. The Court remanded this matter to the Board for further action.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In an August 2014 JMR, the parties agreed that the Board erred in finding that the July 2011 VA medical opinion was adequate. The parties found that the July 2011 VA examination and medical opinion were not adequate because the examiner did not provide an opinion as to the etiology of the depression which had been diagnosed during the pendency of the appeal and focused on the diagnosis of personality disorder. 

VA's duty to assist includes providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim. 38 U.S.C.A. § 5103A(d) (West 2014). 

Thus, the Board finds that a remand is required to obtain clarification of, and additional support for, the July 2011 VA medical opinion. The Veteran's claims file should be provided to the VA examiner who conducted the July 2011 VA examination (or if she is no longer available, a suitable replacement) and the examiner should be asked to provide an addendum to the opinion which provides a complete rationale for the conclusions. The VA examiner should specifically address the etiology of the diagnosis of depression and/or depressive disorder. If an opinion cannot be provided without an examination, one should be provided.

Accordingly, the case is REMANDED for the following action:

1. Return the Veteran's claims file to the examiner who conducted the July 2011 VA examination (or, if she is no longer available, a suitable replacement). The VA examiner should review the December 2014 psychological report by Dr. Meyers. 

The VA examiner should report all current DSM-IV diagnoses. The VA examiner should express an opinion as to whether it is at least as likely as not (50 percent probability or more) that any current psychiatric disorder had its clinical onset during the Veteran's period of active service or is related to incident or event in service. The VA examiner should provide an etiology for the diagnosis of depression and/or depressive disorder and express an opinion as to whether it is at least as likely as not that diagnosis of depression and/or depressive disorder had its clinical onset during the Veteran's period of active service or is related to incident or event in service. 

The VA examiner should clearly outline the rationale for any opinion expressed. If any requested medical opinion cannot be given, the VA examiner should state the reason(s) why. If an opinion cannot be provided without an examination, one should be provided. 

2. After completing the requested action, and any additional notification and/or development deemed warranted, readjudicate the claim for service connection for a psychiatric disorder in light of all evidence of record. If any benefit sought on appeal remains denied, furnish a fully responsive Supplemental Statement of the Case to the Veteran and his representative and afford them a reasonable opportunity for response.

The Veteran has the right to submit additional evidence and argument on the matter that the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



_________________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals

Only a decision of the Board is appealable to the Court. 38 U.S.C.A. § 7252 (West 2014). This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).